**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-4533-JFW(KSx)** Date: July 13, 2026

Title: Pedro Paulo Mansur Pagano Sampaio -*v*- Wells Fargo Bank, N.A., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATION UNDER THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT [filed 5/8/26; Docket No. 31];**

**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO REMAND [filed 5/8/26; Docket No. 33];**

**ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [filed 5/25/26; Docket No. 47];**

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 47) FOR (1) FAILURE TO COMPLY WITH LOCAL RULE 7-3 AND THE COURT'S STANDING ORDER ¶ 5(b); (2) FILING WITHOUT A GOOD-FAITH MEET-AND-CONFER ON THE NEW MOTION; AND (3) THE PERPETRATION OF MULTIPLE FALSE SWORN STATEMENTS UPON THIS COURT IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3) [filed 5/26/26; Docket No. 52]; and**

**ORDER DENYING AS MOOT PLAINTIFF'S EX PARTE APPLICATION FOR REASONABLE ACCOMMODATION UNDER THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT; APPLICATION FOR WAIVER OF THE COURTESY COPY REQUIREMENT UNDER THIS COURT'S STANDING ORDER ¶ 3(c) AT ECF NO. 9 BASED ON PLAINTIFF'S OUT-OF-COUNTRY RESIDENCE, TERMINAL DISABILITY, AND FINANCIAL HARDSHIP [filed 5/27/26; Docket No. 55]**

On May 8, 2026, Plaintiff Pedro Paulo Mansur Pagano Sampaio ("Plaintiff") filed a Motion for Reasonable Accommodation under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act ("Motion for Reasonable Accommodation"). Docket No. 31. On June 15, 2025, Defendant Wells Fargo Bank, N.A. ("WF Bank"), erroneously sued as Wells Fargo Company ("WF Company"), filed its Notice of Non-Opposition. Docket No. 62. On May 8, 2026, Plaintiff filed a Renewed Motion to Remand ("Motion to Remand"). Docket No. 33. On June 15, 2026, WF Bank filed its Opposition. Docket No. 64. On May 25, 2026, WF Bank filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"). Docket No. 47. On May 26, 2026, Plaintiff filed his Opposition. Docket No. 53. On June 22, 2026, WF Bank filed a Reply. Docket No. 70. On May 26, 2026, Plaintiff filed a Motion to Strike Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 47) for (1) Failure to Comply with Local Rule 7-3 and the Court's Standing Order ¶ 5(b); (2) Filing without a Good-Faith Meet-and-Confer on the New Motion; and (3) the Perpetration of Multiple False Sworn Statements upon this Court in Violation of Federal Rule of Civil Procedure 11(b)(3) ("Motion to Strike"). Docket No. 52. On June 15 2026, WF Bank filed its Opposition. Docket No. 65. On May 27, 2026, Plaintiff filed an Ex Parte Application for Reasonable Accommodation under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; Application for Waiver of the Courtesy Copy Requirement under this Court's Standing Order ¶ 3(c) at ECF No. 9 Based on Plaintiff's Out-of-country Residence, Terminal Disability, and Financial Hardship ("Application for Reasonable Accommodation"). Docket No. 55. On May 27, 2026, WF Bank filed its Notice of Non-Opposition. Docket No. 56. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 6, 2026 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. Factual and Procedural Background

Plaintiff is an economist and quantitative trader who owns Yellow Canary Capital. On December 20, 2025, Plaintiff was diagnosed with Glioblastoma Multiforme, the most aggressive and common type of brain cancer and which has a median survival from diagnosis of approximately twelve to fifteen months. According to Plaintiff, there were "multiple waves of identity theft and unauthorized electronic fund transfer[s]" on his account with WF Bank between December 17, 2024, and February 20, 2026. First Amended Complaint ("FAC"), ¶ 3. Plaintiff alleges that he exchanged numerous emails and had multiple phone calls with WF Bank regarding the purported identity theft and unauthorized electronic fund transfers. WF Bank investigated

Plaintiff's claims and issued credits to Plaintiff's accounts when its investigation concluded that funds had been wrongfully removed from Plaintiff's account. WF Bank also denied some of Plaintiff's claims where its investigation concluded that "no error occurred." FAC, ¶¶ 44 and 51. In addition, WF Bank took a number of steps in an attempt to stop the unauthorized electronic fund transfers, including replacing Plaintiff's WF Bank debit card, restricting Plaintiff's online and mobile banking access in November 2025, and finally closing Plaintiff's account in February 2026. FAC, ¶¶ 27 and 29. Plaintiff also alleges that EF Bank furnished unspecified, but inaccurate, information about Plaintiff's account to "ChexSystems, Inc., Early Warning Services, LLC, and/or the three nationwide consumer reporting agencies." FAC, ¶ 70. Plaintiff claims that he disputed the inaccurate information with ChexSystems and that ChexSystems "issued its Reinvestigation Results validating Plaintiff as a victim of identity theft." FAC, ¶ 40. Finally, Plaintiff alleges that he notified WF Bank of his "terminal cancer diagnosis" on January 9, 2026. FAC, ¶ 39.

On March 3, 2026, Plaintiff filed a Complaint against WF Bank and WF Company in Los Angeles County Superior Court ("LASC"). On April 22, 2026, Plaintiff filed a FAC, alleging causes of action for: (1) violation of the Electronic Fund Transfer Act ("EFTA") and Regulation E, 15 U.S.C. §§ 1693, *et seq*., and 12 C.F.R. § 1005; (2) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (3) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*.; (4) retaliation in violation of the ADA, 42 U.S.C. § 12203; (5) violation of the California Business & Professions Code § 17200 ("UCL"); (6) negligence and negligence per se; (7) violation of the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51(f) and 52; (8) breach of contract and breach of the implied covenant of good faith and fair dealing; (9) conversion; (10) intentional infliction of emotional distress; and (11) financial abuse of a dependent adult in violation of the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare & Institutions Code §§ 15610.30 and 15657.5 ("Dependent Adult Protection Act").

On April 28, 2026, WF Bank filed a Notice of Removal, alleging that this court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).

## II. Plaintiff's Motion to Remand

In his Motion, Plaintiff argues that this action should be remanded to LASC because there is a lack of complete diversity. Specifically, Plaintiff argues that both Plaintiff and WF Company are citizens of California and the sham defendant doctrine is inapplicable in this case.[1] Plaintiff also argues that because WF Company is a citizen of California, removal is barred by the forum defendant rule. In addition, Plaintiff argues that the removal was procedural defective because it does not satisfy the requirements of 28 U.S.C. § 1446(b)(2)(A) regarding written joinder and the consent of all defendants. Plaintiff also argues that if none of his federal claims survive WF Bank's Motion to Dismiss, the Court should decline to exercise supplemental jurisdiction over his state law claims. Finally, Plaintiff seeks an award of fees, costs, and sanctions for improper removal. In its Opposition, WF Bank argues that it properly removed Plaintiff's action because federal question jurisdiction exists. WF Bank also argues that its removal on the alternative basis of diversity

---

[1] WF Company is a Delaware corporation with its principal place of business in San Francisco, California. WF Bank is a citizen of South Dakota.

jurisdiction was proper because WF Bank, not WF Company, is the only appropriate defendant in this action. WF Bank argues that although Plaintiff had a contractual relationship with WF Bank, he never had any relationship with WF Company and, in fact, Plaintiff has failed to ever serve WF Company. WF Bank argues that Plaintiff's request for an award of fees, costs, and sanctions for improper removal is baseless because the removal was proper.

**A. Legal Standard**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

**B. WF Bank's Removal was Proper**

Although Plaintiff devotes a significant portion of his Motion to Remand arguing that there is not complete diversity between the parties and other issues related to diversity jurisdiction (such as the sham defendant doctrine and local defendant rule), the Court need not consider those arguments because WF Bank's removal of this action on the basis of federal question jurisdiction was proper and appropriate. A district court has subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. In this case, Plaintiff's first four causes of action are for violation of federal statutes – the EFTA, the ADA, and the FCRA – and WF Bank specifically stated that it was removing this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction. *See* Notice of Removal, ¶ 8 ("This case is also properly removable to this Court pursuant to 28 U.S.C. 1331 because the primary issues to be adjudicated, and the first four causes of action asserted by Plaintiff are fundamental federal questions: whether Wells Fargo violated the Electronic Fund Transfer Act, Regulation E, the Fair Credit Reporting Act, or Americans with Disabilities Act"). As a result, the Court concludes that it has subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1331, federal question jurisdiction.

In addition, the Court finds unpersuasive Plaintiff's argument that WF Bank's removal was procedurally defective because it does not satisfy the requirements of 28 U.S.C. § 1446(b)(2)(A) regarding written joinder and the consent of all defendants. Section 1446(b)(2)(A) only applies to "defendants who have been properly joined and served" and Plaintiff admits that WF Company has

not been served.[2] The Court also denies Plaintiff's request for fees, costs, and sanctions against WF Bank for improper removal.

Accordingly, Plaintiff's Motion to Remand is denied.

## III. WF Bank's Motion to Dismiss

In its Motion, WF Bank seeks an order dismissing Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. WF Bank argues that Plaintiff's FAC "contains a mash of allegations" regarding "Plaintiff's grievance that Wells Fargo did not provide him with enough free money." Motion to Dismiss, 1:3-4. Specifically, WF Bank argues that the factual basis for Plaintiff's claims is "inconsistent and internally contradictory" and that the legal basis is "non-existent." *Id.*, at 1:5-6. In his Opposition, Plaintiff argues that WF Bank's Motion to Dismiss must be denied because each of his claim is adequately pleaded. Plaintiff also argues that WF Bank has refused to produced required documents and failed to properly authenticate the Deposit Account Agreement attached to WF Bank's Request for Judicial Notice.[3]

### A. Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

---

[2] WF Bank also stated in its Notice of Removal that WF Company "contests that it is a proper defendant, but nevertheless consents to and joins in this notice of removal." Notice of Removal, 2:22-23.

[3] Plaintiff also filed a Motion to Strike, arguing that WF Bank's Motion to Dismiss should be stricken for failure to comply with Local Rule 7-3 and paragraph 5(b) of the Court's Standing Order. Plaintiff argues that this is the reason why the Court previously struck WF Bank's Motion to Dismiss. However, on May 6, 2026, the Court struck WF Bank's Motion to Dismiss because the requested hearing date (June 8, 2026) was closed. *See* Docket No. 19. As a result, WF Bank appropriately re-filed its Motion to Dismiss for a different and available hearing date. In addition, WF Bank did comply with Local Rule 7-3 and paragraph 5(b) of the Standing Order. *See* Docket No. 37. Although the meet and confer conference was brief, WF Bank explained in its Opposition to Plaintiff's Motion to Strike the brevity of the conference was due to: (1) Plaintiff stating that he was unable to participate in an oral or video meet and confer conference and, as a result, the parties engaged in an extensive written meet and confer process; and (2) Plaintiff's statement during the meet and confer conference that WF Bank could "file the motion to dismiss and I will respond in writing because I will not give up." As a result, it appears that the brevity of the meet and confer conference was Plaintiff's choice. The Court has also considered the other arguments made by Plaintiff in his Motion to Strike and finds them unpersuasive. Accordingly, Plaintiff's Motion to Strike is denied.

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### B. Plaintiff's FAC Should Be Dismissed for Failure to State a Claim

#### 1. Plaintiff's First Cause of Action for Violation of the EFTA

In his first cause of action, Plaintiff alleges violation of the EFTA. The EFTA creates a private right of action for violation of its substantive provisions. 15 U.S.C. § 1693m. Indeed, the EFTA is a consumer protection law aimed at "provid[ing] a basic framework [to] establish[] the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693e. However, "broad averments of violations of the EFTA are inadequate" to state a claim, and courts routinely dismiss EFTA claims that fail to sufficiently allege which provision has been violated. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1094 (N.D. Cal. 2006); *Barvie v. Bank of Am., N.A.*, 2018 WL 4537723, at *3 (S.D. Cal. Sept. 21, 2018) ("Without further factual allegations – or even an allegation as to which provision of the EFTA allegedly was violated – Plaintiffs fail to state a claim for this cause of action"); *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1007 (N.D. Cal. 2012) (dismissing EFTA claim "[b]ecause the 2AC fails to allege a violation of any specific provision of the EFTA"). Instead, a plaintiff must plead sufficient facts establishing that a bank determined that there was no error and did not conduct a good faith investigation into the alleged error. *See Tian v. Bank of Am., N.A.*, 2025 WL 1377767, at *4-*5

(C.D. Cal. Apr. 2, 2025) (dismissing EFTA claim where plaintiff did not plead facts indicating bank denied fraud dispute or acted unreasonably in investigating the dispute); *Chen v. Bank of Am., N.A.*, 2019 WL 9633650, at *7-8 (C.D. Cal. Oct. 29, 2019) (dismissing EFTA claim where plaintiff did not allege facts establishing bad faith investigation). In addition, "[a] complaint that doesn't allege that a consumer provided timely notice doesn't state a claim under the EFTA." *In re Bank of Am. California Unemployment Benefits Litig*., 674 F.Supp.3d 884, 906 (S.D. Cal. 2023), *on reconsideration in part*, 2024 WL 3174380 (S.D. Cal. June 25, 2024).

In this case, Plaintiff's EFTA claim is woefully deficient. Plaintiff fails to allege any information to identify the transactions he contends were unauthorized other than the dates he provided WF Bank with notice of purported fraudulent transactions. *See, e.g.*, FAC ¶¶ 65-66 (alleging the date Plaintiff provided notice to WF Bank on Claims Nos. 3737, 5212, and 7347, but no other identifying information). Indeed, Plaintiff fails to allege the amount of the transactions, the merchant, or any other basic identifying details. *Id.* As a result, Plaintiff has failed to state an EFTA claim. *See, e.g., Creager v. Bank of Am. NA*, 2023 WL 12177315, at *5 (D. Ariz. Dec. 19, 2023) (dismissing EFTA claims for the plaintiffs who alleged that the defendant "froze their account, but [did] not allege that an unauthorized transfer occurred"). In addition, Plaintiff has failed to allege any facts to support his conclusory allegations that WF Bank did not conduct a good faith investigation into the purported fraudulent transactions. *See, e.g., Chen* 2019 WL 9633650, at *7–8; *see also Tian*, 2025 WL 1377767, at *5 ("Plaintiffs have not described Defendant's response or any communications relating to their reports (aside from not issuing a refund) . . . or alleged any facts that would support an inference of the unreasonableness or bad faith of Defendant's investigations"); *Gilbert v. Bank of Am., N.A.*, 2014 WL 12644029, at *3 (N.D. Cal. 2014) (dismissing EFTA claim based on conclusory allegations); *Sundahl v. Comerica Bank*, 2026 WL 112059, at *5 (S.D. Cal. Jan. 15, 2026) ("Plaintiff does not assert any facts about the sufficiency of Defendants' investigation or their determination as to whether an error had occurred . . . As Plaintiff's factual allegations do not support a plausible inference that Defendants' investigation was unreasonable or performed in bad faith, Plaintiff fails to state a claim for relief under § 1693f"); *Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 584 (9th Cir. 2021) ("[T]he consumer must allege facts plausibly suggesting that the bank's conclusion is wrong in order to state a claim that the bank has violated § 1693g"). Moreover, the Court finds Plaintiff's argument that the necessary facts are solely within the possession and control of the WF Bank unpersuasive. Plaintiff alleges that the "specific transactions, destinations, dates, and amounts appear on Plaintiff's Wells Fargo Premier Checking statements, copies of which are in Defendants' exclusive possession." FAC, ¶ 24. However, Plaintiff has access to those statements, as demonstrated by Plaintiff's submission of at least one of those statements as an exhibit to a declaration Plaintiff submitted under penalty of perjury in LASC. *See*, Notice of Removal (Docket No. 1), Exh. 3 (pp.200-207). Plaintiff's EFTA claim cannot survive such glaring contradictions. *See, e.g., Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (denying leave to amend for futility because "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding") (citation omitted).

Accordingly, Plaintiff's first cause of action for violation of the EFTA is dismissed.

### 2. Plaintiff's Second Cause of Action for Violation of the FCRA

In his second cause of action, Plaintiff alleges violation of the FCRA. The FCRA generally

prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency ("CRA") "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s–2(a). However, a consumer cannot sue a furnisher based simply on the communication of inaccurate information. *Id.; see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir.2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: (1) "conduct an investigation with respect to the disputed information"; (2) "review all relevant information provided by the consumer reporting agency"; (3) "report the results of the investigation to the consumer reporting agency"; and (4) "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s–2(b). As a result, in order to state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must allege: (1) he found an inaccuracy in his credit report; (2) he notified a CRA; (3) the "CRA notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(a)(1)(A)–(E). *See Biggs v. Experian Information Solutions, Inc.*, 209 F.Supp.3d 1142, 1144 (N.D. Cal. 2016).

In this case, Plaintiff has failed to allege any facts establishing the first, third, or fourth elements. Specifically, Plaintiff fails to allege what information WF Bank furnished about his account to any CRA that was inaccurate. Instead, Plaintiff merely asserts in conclusory fashion that WF Bank "furnished information" and that he "disputed the accuracy of the information." FAC ¶¶ 70-71. In addition, WF Bank's duties under Section 1681s-2(b) "arise only after [it ] receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger [WF Bank's] duties." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Although Plaintiff alleges he filed a dispute with ChexSystems, he does not allege that ChexSystems notified WF Bank of the dispute. The FAC also does not allege that Plaintiff filed a dispute with any other CRA or that any such agency notified WF Bank. Finally, Plaintiff merely alleges in conclusory fashion that WF Bank failed to conduct a reasonable investigation. However, Plaintiff fails to allege any facts detailing the purported investigation and why it was unreasonable. *Id.*

Accordingly, Plaintiff's second cause of action for violation of the FCRA is dismissed.

### 3. Plaintiff's Third and Fourth Causes of Action for Violation of the ADA

In his third and fourth causes of action, Plaintiff alleges violation of the ADA and retaliation in violation of the ADA, respectively. An ADA claim requires the plaintiff to plead: (1) the plaintiff has a disability; (2) the defendant owns, leases, or operates a place of "public accommodation"; and (3) the plaintiff was denied public accommodations by the defendant because of their disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730-31 (9th Cir. 2007); *see also* 42 U.S.C. § 12181. An ADA retaliation claim requires a plaintiff to plead: (1) involvement in a protected activity; (2) an adverse action; and (3) a causal link between the two. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *see also* 42 U.S.C. § 12203(a).

In this case, Plaintiff has failed to demonstrate that he has standing to bring his ADA claims. A private ADA plaintiff may not seek monetary damages for any type of ADA claim and, instead, is

entitled to only injunctive relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205-06 (9th Cir. 2021) (explaining that damages are not available in private action under ADA Title III); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264 (9th Cir. 2009) (explaining that damages are not available in private ADA retaliation action). To bring a claim for injunctive relief, there must be a real and immediate threat of continued future ADA violations in the absence of an injunction. *See Midgett v. Tri–Cty. Met. Trans. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001) (holding that isolated past incidents of ADA violations do not support an inference that a plaintiff faces a real and immediate threat of continued future violations of the ADA in the absence of injunctive relief); *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 948 (9th Cir. 2011) (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)) (explaining that, in addition to experiencing ADA violations, “a plaintiff seeking injunctive relief must additionally demonstrate ‘a sufficient likelihood that he will again be wronged in a similar way’”). It is undisputed that Plaintiff’s WF Bank account is now closed. As a result, although Plaintiff argues that he is entitled to injunctive relief, there is no accommodation that Plaintiff could be granted by WF Bank because he is no longer a customer. Therefore, the Court concludes that Plaintiff’s ADA claims fail due to lack of standing. *See Chapman*, 631 F.3d at 948.

In addition, Plaintiff has failed to allege facts demonstrating any plausible “but-for” causal link between his purported protected activity – Plaintiff’s written “invocation” of the ADA – and the purported adverse action – the denying of Plaintiff’s disputes and the closing of his account. Indeed, Plaintiff alleges that many of his disputes were denied prior to the alleged protected activity. *See, e.g.*, FAC ¶¶ 26, 33, 52(e), 66(d), 113, and 124(c). Plaintiff has also failed to allege that the dispute denials would not have happened but for his protected activity. Indeed, although Plaintiff’s account was closed after his purported protected activity, Plaintiff alleges that WF Bank took similar steps – restricting his access to his account – prior to his protected activity. As a result, the Court concludes that Plaintiff has failed to allege an ADA claim. *See, e.g., Royston v. City of Scottsdale*, 2024 WL 4277871, at *7 (D. Ariz. Sept. 24, 2024), *aff’d*, 2025 WL 3110639 (9th Cir. Nov. 6, 2025) (citation omitted) (concluding that protected activity occurring after the alleged adverse action could not constitute a causal link).

Accordingly, Plaintiff’s third cause of action for violation of the ADA and fourth cause of action for retaliation in violation of the ADA are dismissed.

### 4. Plaintiff’s Seventh Cause of Action for Violation of the Unruh Act

In his seventh cause of action, Plaintiff alleges a violation of the Unruh Act. To allege an Unruh Civil Rights Act claim, a plaintiff must plead (1) discriminatory treatment; (2) motivated in substantial part by discriminatory animus; (3) harm; and (4) a causal link between the discriminatory action and harm. *Frazier v. City of Fresno*, 2023 WL 4108322, at *58 (E.D. Cal. June 21, 2023). In addition, a plaintiff may use a violation of the ADA to establish a violation of the Unruh Civil Rights Act. *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1024 (N.D. Cal. 2012) (*citing Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 854 (2005)). However, Plaintiff has failed to state a claim under the ADA. As a result, in order to allege an independent basis for an Unruh Act claim, Plaintiff must allege facts demonstrating intentional discrimination. *See Martinez v. Cot'n Wash, Inc. ,* 81 Cal. App. 5th 1026, 1036 (2022) ("Unless an Unruh Act claim is based on an ADA violation, the act requires a claimant to prove intentional discrimination . . . Thus, absent an ADA violation, the Unruh Act requires allegations supporting willful, affirmative misconduct with the specific intent to accomplish discrimination on the basis of a protected trait") (citations and

quotations omitted). In this case, Plaintiff fails to allege any facts demonstrating intentional discrimination. Instead, Plaintiff alleges in conclusory fashion that WF Bank closed his account after learning that Plaintiff had cancer. However, such conclusory allegations are insufficient. *Id.*

Accordingly, Plaintiff's seventh cause of action for violation of the Unruh Act is dismissed.

**5. Plaintiff's Sixth Cause of Action for Negligence and Negligence Per Se**

In his sixth cause of action, Plaintiff alleges a claim for negligence and negligence per se. To state a negligence claim under California law, a plaintiff must allege: (1) a legal duty of care owed by the defendant to her, (2) a breach of that duty, and (3) proximate causation of that breach to (4) the plaintiff's injury. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 116 (2001); *see also Steinle v. City & Cty. of San Francisco*, 230 F. Supp. 3d 994, 1019 (N.D. Cal. 2017). "The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against an unintentional invasion." *Paz v. State of California,* 22 Cal. 4th 550, 559 (2000). The existence of a duty is a question of law to be resolved by a court on a case-by-case basis. *Id.* Negligence per se is an evidentiary presumption which "creates a presumption of negligence" if certain elements are met. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006). The failure to exercise due care (the second element of negligence) can be presumed if the following elements are shown: (1) the defendant "violated a statute, ordinance, or regulation of a public entity"; (2) the "violation proximately caused death or injury to person or property"; (3) the "death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent"; and (4) the "person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." *See Elsner v. Uveges*, 34 Cal. 4th 915 n.7 (2004). However, negligence per se does not, on its own, lead to liability. Instead, the plaintiff still must prove all elements of negligence but may use negligence per se to do so. *See Quiroz*, 140 Cal. App. 4th at 1285 (meeting the elements of negligence per se "alone does not entitle a plaintiff to a presumption of negligence in the absence of an underlying negligence action . . . Instead, [the doctrine] operates to establish a presumption of negligence [for the purpose of] providing evidence of an element of a preexisting common law cause of action"). In other words, negligence per se may be used to prove the elements of negligence – particularly breach of duty – but is not a standalone claim.

In this case, the Court finds that Plaintiff has failed to state a claim for negligence or negligence per se. In his FAC, Plaintiff does not allege that WF Bank breached any duty that applies between a bank and a depositor. Instead, Plaintiff vaguely alleges that WF Bank breached the "common-law duty of care a bank owes its depositor under California law." FAC, ¶ 98. However, California law is clear that a financial institution does not owe a general legal duty of care to customers where the parties operate in conventional roles. *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991) ("The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence") (citation omitted); *See, e.g., Hegyes v. Unjian Enters., Inc.*, 234 Cal. App. 3d 1103, 1111 (1991) ("A complaint [for negligence] which lacks allegations of fact to show that a legal duty of care was owed is fatally defective") (citations omitted). Although a bank has a duty to act with "reasonable care in its transactions with its depositors," the parties' contract defines the scope of a bank's duties. See *Gray v. Ben*, 2022 WL 16859609, at *4 (C.D. Cal. Nov. 9, 2022); *See, e.g., Kurtz-Ahlers, LLC v.*

*Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020) (finding that bank owes customer a "narrow scope" of duties arising from deposit agreement, including honoring valid checks, dishonoring unsigned checks and providing an accurate accounting). Moreover, the "contractual relationship does not involve any implied duty 'to supervise account activity' or 'to inquire into the purpose for which the funds are being used.'" *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998); *OEM Materials & Supplies, Inc. v. Bank of Am., N.A.*, 2023 WL 4291979, at *3 (C.D. Cal. May 16, 2023) (concluding that imposing such a requirement on a bank would "imperil both customer privacy and the expedited processing of banking transactions so crucial to a modern economy"); *Software Design & Application, Ltd.*, v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472, 481 (1996) (finding that a bank owes no duty to police customer accounts by "supervis[ing] account activity or otherwise track[ing] frequent and/or large dollar transactions").

In addition, a party generally does not have a duty to protect another from the criminal acts of third parties, like the acts allegedly perpetrated by unidentified individuals purportedly making unauthorized transfers from Plaintiff's WF Bank account, or to aid the plaintiff in mitigating or recovering from such harm. *See, e.g., Brown v. USA Taekwondo*, 11 Cal. 5th 204, 214-15 (2021); *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.,* 2019 WL 5213005, at *5 (N.D. Cal. Oct. 16, 2019) ("Wells Fargo owed no duty to Plaintiffs vis-à-vis the third-party account in this case, or to cooperate with Plaintiffs to remedy the fraud, or to disclose to Plaintiffs information related to the third-party account.") *aff'd,* 829 F. App'x 837 (9th Cir. 2020). Moreover, to the extent Plaintiff's negligence and negligence per se claim overlaps with his FCRA claim, it is preempted by the FCRA. *See Mamboleo v. Wells Fargo Bank NA*, 2015 WL 9691022, at *4 (D. Ariz. Feb. 25, 2015), *aff'd*, 688 F. App'x 418 (9th Cir. 2017) (explaining that the FCRA preempts state law claims regardless of whether an FCRA claim is pled).

Accordingly, Plaintiff's sixth cause of action for negligence and negligence per se is dismissed. *See Kurtz-Ahlers, LLC*, 48 Cal. App. 5th at 961 (rejecting argument that duty should be imposed on bank to detect fraud as "depositors are often, if not always, in a better position than their banks to protect themselves from fraud by simple steps such as using due diligence in hiring bookkeepers and by occasionally checking their financial records").

### 6. Plaintiff's Eighth Cause of Action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

In his eighth cause of action, Plaintiff alleges a claim for breach of contract and breach of the implied covenant of good faith and fair dealing. To state a viable breach of contract claim, a plaintiff must allege: (1) a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach, and (4) damages to the plaintiff. *Coles v. Glaser*, 2 Cal. App. 5th 384, 391 (2016). It is "absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989); *see also Kaar v. Wells Fargo Bank, N.A.,* 2016 WL 3068396, at *1 (N.D. Cal. Jun. 1, 2016) ("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant"). Although a plaintiff is not required to "attach the contract or recite the contract's terms verbatim," they "must identify with specificity the contractual obligations allegedly breached by the defendant." *Kaar*, 2016 WL 3068396, at *1 (citation omitted).

In this case, Plaintiff alleges that WF Bank committed numerous breaches of the Deposit

Account Agreement ("DAA"). FAC, ¶ 109. However, the purported breaches alleged by Plaintiff are unrelated to WF Bank's responsibilities and obligations under the DAA.[4] For example, Plaintiff alleges that WF Bank breached the DAA by processing unauthorized transactions on his account. *See* FAC, ¶¶ 109(a) and (f). However, the DAA provides that transactions may be processed on WF Bank's checking accounts. DAA (attached as Exh. A to the Declaration of Maxwell Levins), pp. 13-14. To the extent Plaintiff claims that WF Bank should have monitored his account to prevent unauthorized transactions, that duty belongs to Plaintiff, not WF Bank. *See* DAA, p. 6. Plaintiff also alleges that WF Bank violated the DAA by denying one of his claims within two business days. FAC, ¶ 109(b). However, as WF Bank points out, a prompt investigation and response constitutes prompt customer service, not the breach of a contractual duty. Plaintiff fails to allege any additional facts demonstrating why such a prompt resolution of a dispute constitutes a breach of the DAA. *See* DAA, p. 26 (allowing WF Bank to take up to 45 days to investigate disputes, if needed). In addition, Plaintiff alleges that WF Bank breached the DAA by reversing provisional credits. *See* FAC, ¶ 109(c). However, the DAA specifically provides that WF Bank "can reverse any credit made to your account resulting from a claim of unauthorized transaction or error if [WF Bank] determine[s] the transaction was authorized." *See* DAA, p. 7. Finally, Plaintiff alleges that WF Bank breached the DAA by imposing and maintaining a three-month lockout on Plaintiff's account and then closing Plaintiff's account. FAC, ¶¶ 109(d) and 119(e). However, the DAA specifically provides that if WF Bank "suspect[s] any suspicious, irregular, fraudulent, unauthorized or unlawful activities…[WF Bank] may, in [its] sole discretion: prevent, delay or decline transactions account activities; freeze all or some of the funds in any account with us that you keep or control; and/or otherwise restrict access to your account(s)." DAA, p. 42. The DAA also provides that WF Bank "may close [Plaintiff's] account at any time. DAA, p. 33. As a result, the Court finds that not only did WF Bank's actions not violated the DAA, but WF Bank's actions were specifically authorized by it. Therefore, the Court concludes that Plaintiff has failed to allege a claim for breach of contract.

A breach of the implied covenant of good faith and fair dealing is established by evidence that the defendant unfairly interfered with plaintiff's right to receive the benefits of the contract as opposed to a breach of an express contractual term. *Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992). Because WF Bank's actions were authorized by its contract with Plaintiff, there can be no breach of the implied covenant of good faith and fair dealing. *See Jurin v. Google Inc.*, 768 F.Supp.2d 1064, 1073 (E.D. Cal. 2011) (*citing*

---

[4] Plaintiff does not attach the DAA to the FAC and does not allege the terms of the DAA in the FAC. WF Bank submitted a copy of the DAA with its Motion to Dismiss and requested that the Court take judicial notice of it. Plaintiff has raised various objections to the Court taking judicial notice of the DAA. The Court has considered all of Plaintiff's objections and overrules those objections. Accordingly, the Court grants WF Bank's request for judicial notice with respect to the DAA. *See, e.g., Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) (finding the contents of disclosure documents to be incorporated by reference because the question of whether the plaintiff "had access to and reviewed the proffered documents is a matter unrelated to their authenticity"); *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1195 (N.D. Cal. 2024) (taking judicial notice of the defendant's terms of service because they were "publicly available from a source whose accuracy cannot reasonably be questioned and [their] contents [could] be accurately determined").

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 373 (1992)) ("Good faith and fair dealing
is satisfied where the conduct at issue is either expressly permitted or at least not prohibited").

Accordingly, Plaintiff's eighth cause of action for breach of contract and breach of the implied covenant of good faith and fair dealing is dismissed.

**7. Plaintiff's Ninth Cause of Action for Conversion**

In his ninth cause of action, Plaintiff alleges a claim for conversion. The elements of a claim for conversion are: (1) a plaintiff's ownership or right to possession of property; (2) defendant's disposition of that property in a manner inconsistent with such property rights; and (3) damages. *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015).

"[A] depositor has no claim to any specific assets in his bank," because once a depositor deposits their money into a bank, the depositor is "no longer the owner or entitled to the possession of any specific money which was the subject of conversion." *Metro. Life Ins. Co. v. San Francisco Bank,* 58 Cal. App. 2d 528, 534 (1943); *see Reliance Ins. Co. v. U.S. Bank of Wash., N.A.*, 143 F.3d 502, 506 (9th Cir. 1998) ("Except for special kinds of accounts in some jurisdictions, bank accounts generally cannot be the subject of conversion, because they are not specific money, but only an acknowledgment by the bank of a debt to its depositor"); *Lawrence v. Bank of Am.,* 163 Cal. App. 3d 431, 437 n. 2 (1985) (holding that money on deposit with a bank may not be the subject of conversion). In this case, Plaintiff's allegations exclusively related to money that was on deposit in his WF Bank account and additional funds that he wanted WF Bank to deposit into his account. As a result, the Court concludes that Plaintiff has failed to state a claim for conversion. *See Gutierrez v. Wells Fargo & Co.*, 622 F.Supp.2d 946, 956 (9th Cir. 2009); *Adanna Jiagbogu v. Bank of Am.*, 2016 WL 7626429, at *2–3 (C.D. Cal. Feb. 1, 2016).

Accordingly, Plaintiff's ninth cause of action for conversion is dismissed.

**8. Plaintiff's Tenth Cause of Action for Intentional Infliction of Emotional Distress**

In his tenth cause of action, Plaintiff alleges a claim for intentional infliction of emotional distress. The elements of a cause of action for intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (*quoting Hughes v. Pair*, 46 Cal. 4th 1035 (2009)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Hughes*, 46 Cal. 4th at 1051. The conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Id*. (internal quotation marks omitted). In addition, "[s]evere emotional distress means emotional distress ***of such substantial quality or enduring quality*** that no reasonable person in civilized society should be expected to endure it." *Id*. at 1051 (emphasis added). To avoid dismissal, a plaintiff must allege the extreme and outrageous acts with "great specificity." *Yau v. Santa Margarita Ford, Inc*., 229 Cal. App. 4th 144,

161 (2014).

In this case, Plaintiff identifies seven purportedly "outrageous" actions. FAC, ¶ 116. However, none of those actions constitute "outrageous" conduct, and most do not even constitute improper conduct. Specifically, Plaintiff alleges that WF Bank: (1) "received actual written notice of Plaintiff's terminal Glioblastoma diagnosis on January 9, 2026 at 12:37 PM"; (2) "[w]ithin 14 days, reversed a $1,918.95 provisional credit their own investigators had determined appropriate"; (3) "[w]ithin 27 days, Defendants closed the Account of a terminally ill customer on pretextual grounds"; (4) "[w]ithin 28 days, Defendants denied Plaintiff's 28-transaction fraud claim in fewer than two business days"; (5) "[t]hroughout the period, Defendants continued 203 daily calls after Plaintiff's 'can barely speak' notice"; (6) Defendants took each action with full knowledge of Plaintiff's disabilities and terminal diagnosis"; and (7) "Defendants removed Ashley C. - Plaintiff's only documents line of communication during his terminal illness – and replaced her with an unnamed male investigator who never contacted Plaintiff." The Court concludes that, without further factual support, these allegations are insufficient to establish "extreme and outrageous conduct" by WF Bank.

In addition, Plaintiff's mere conclusory allegations that he suffered severe emotional distress, without more, are insufficient to demonstrate the "substantial quality or enduring quality" of emotional distress necessary to state a claim for intentional infliction of emotional distress. Moreover, Plaintiff fails to plead any facts demonstrating that WF Bank's conduct (or lack thereof) was done with the intent of causing Plaintiff distress.

Accordingly, Plaintiff's tenth cause of action for intentional infliction of emotional distress is dismissed.

**9. Plaintiff's Eleventh Cause of Action for Violation of the Dependent Adult Protection Act**

In his eleventh cause of action, Plaintiff alleges a claim for violation of the Dependent Adult Protection Act. To allege a claim under the Dependent Adult Protection Act, a plaintiff must allege that the defendant "assist[ed] in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(2) (citation modified).

In this case, the Court concludes that Plaintiff, who is proceeding pro se, has failed to demonstrate that he qualifies as a dependent adult. A dependent adult means a person who:

> has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights, including, but not limited to, persons who have physical or developmental disabilities, or whose physical or mental abilities have diminished because of age.

Cal. Welf. & Inst. Code § 15610.23. Plaintiff alleges that WF Bank violated the Dependent Adult Protection Act by denying his claims regarding purportedly unauthorized transactions in January and February 2026. However, Plaintiff also alleges that he filed more than a dozen complaints in those same months with WF Bank, the Consumer Financial Protection Bureau, the Federal Bureau

of Investigation, the Federal Trade Commission, and the Los Angeles Police Department. As a result, the Court concludes that Plaintiff has failed to plausibly allege that he had physical or mental limitations restricting his ability to carry out normal activities or to protect his rights. *See Tanya A. v. City of San Diego*, 2015 WL 1197550, *4 (S.D. Cal. Mar. 16 2015) (noting that even on a motion to dismiss "some threshold of plausibility must be crossed at the outset) (*quoting Twombly*, 550 U.S. at 558).

In addition, the crux of the Dependent Adult Protection Act requires the "taking, secreting, appropriating, obtaining, or retaining real or personal property." Cal. Welf. & Inst. Code § 15610.30(a)(2). However, Plaintiff does not, and cannot, plead a direct taking by WF Bank because Plaintiff alleges that the unauthorized transactions were the result of "identity theft" by unknown third parties, not WF Bank. FAC, ¶¶ 3, 49, 56, and 60. Plaintiff also cannot state a direct taking claim against WF Bank based on the reversal of provisional credits because provisional credits are temporary credits that WF Bank has the statutory and contractual right to reverse. *See, e.g., Kanji v. Bank of Am.*, 2020 WL 8175548, at *8 (C.D. Cal. Aug. 25, 2020) (dismissing a Dependent Adult Protection Act claim that was based entirely on allegation that the bank failed to reimburse funds stolen by a third-party). Similarly, the denial of a claim is not a direct taking. *Id.* As a result, the Court concludes that Plaintiff's Dependent Adult Protection Act claim fails.

Moreover, to establish a claim of assisting financial elder abuse by a third party, Plaintiff must allege that WF Bank actually "knew of the third party's wrongful conduct." *See Ma v. Bank of Am., N.A.*, 2025 WL 2180792, at *1 (9th Cir. Aug. 1, 2025) (*citing Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 745 (2010)); *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal.App.4th 1138, 1145 (2005) ("California courts have long held that liability for aiding and abetting [an intentional tort] depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted"). Plaintiff alleges that WF Bank permitted transactions he contends he did not authorize. FAC ¶ 124(a) and (e). However, Plaintiff does not allege that WF Bank actually knew that the transactions in question were unauthorized. As a result, the Court concludes that Plaintiff's Dependent Adult Protection Act claim fails.

Accordingly, Plaintiff's eleventh cause of action for violation of the Dependent Adult Protection Act is dismissed.

### 10. Plaintiff's Fifth Cause of Action for Violation of the UCL

In his fifth cause of action, Plaintiff alleges a violation of the UCL. The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL is a broad remedial statute that permits an individual to challenge wrongful business conduct 'in whatever context such activity might occur.'" *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (*quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal. 4th 163, 181 (1999)). The UCL is an equitable statute that authorizes only restitution and injunctive relief, not damages. Cal. Bus. & Prof. Code § 17203 When a plaintiff has an adequate remedy at law, he cannot maintain a UCL claim seeking the same relief. *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020) (holding that "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL").

In this case, Plaintiff has failed to establish that his other causes of action for breach of contract, negligence, and violation of various statutes do not provide an adequate remedy at law. *See Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App.4th 1236, 1249 (1998) (finding that to obtain equitable relief, plaintiff must establish there is no adequate remedy at law). More importantly, Plaintiff's UCL claim is based on the same allegations underlying his other causes of action. Because the Court has found those allegations insufficient and dismissed Plaintiff's other causes of action, Plaintiff's UCL claim also fails. *Antonov v. General Motors LLC*, 2024 WL 217825, *12 (C.D. Cal. Jan. 19, 2024) ("Because Plaintiff's claim for a violation of the UCL's 'fraudulent prong' relies on the same theories of fraudulent misrepresentation and fraudulent concealment that the court found to be insufficient [ ], the court concludes Plaintiff has also failed to allege a violation of the 'fraudulent prong' of the UCL"); *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012) ("A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the claim"); *In re Intel Corp. CPU Mktg., Sales Prac. and Prod. Liab. Litig.*, 2023 WL 7211394, at *2 (9th Cir. Nov. 2, 2023) (affirming a district court's dismissal of the plaintiffs' UCL unfair conduct claim because the plaintiffs' allegations "were coextensive with those of the previously dismissed omission-based claims").

Accordingly, Plaintiff's fifth cause of action for violation of the UCL is dismissed.

**11. WF Bank's Motion to Dismiss is Also Granted for Plaintiff's Failure to File a Proposed Statement of Decision**

The Court's Standing Order, filed on May 6, 2026 (Docket No. 9), provides in relevant part: "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). The deadline for filing the Reply was June 22, 2026, and, as a result, the deadline for filing the Proposed Statement of Decision was June 24, 2026. See L.R. 7-10. Plaintiff failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, pursuant to Local Rule 7-12 and the Standing Order, WF Bank's Motion to Dismiss is granted on the alternative ground that Plaintiff failed to file a Proposed Statement of Decision.

**12. Leave to Amend Would Be Futile**

The Ninth Circuit has instructed that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, "[a] district court may dismiss a complaint without leave to amend if amendment would be futile." *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation and quotation marks omitted); *Gardner v. Martino*, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile);

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile").

In this case, the Court concludes that it would be futile and, thus, unnecessary to provide Plaintiff another opportunity to amend the claims alleged in the FAC. *See, e.g., Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (holding that amendment would be futile because "[t]he basic underlying facts have been alleged by plaintiffs and have been analyzed by the district court and us. We conclude that the plaintiffs cannot cure the basic flaw in their pleading"); *Lipton v. Pathogenesis Corp*., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment"); *Klamath–Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that "futile amendments should not be permitted"). Plaintiff has had two opportunities to allege his claims against WF Bank and has failed to do so despite being afforded multiple opportunities. In addition, Plaintiff has failed to engage in good faith meet and confer conferences with WF Bank or take any other actions that might assist him in alleging viable claims. Instead, Plaintiff has indicated that he intends to continue pursuing these claims regardless of the Court's ruling.

Accordingly, the claims alleged in Plaintiff's FAC are dismissed without leave to amend.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion to Remand (Docket No. 33) and Motion to Strike (Docket No. 52) are **DENIED**. WF Bank's Motion to Dismiss (Docket No. 47) is **GRANTED**. Plaintiff's FAC is **DISMISSED without leave to amend** as to WF Bank. In addition, the Court exercises its discretion and *sua sponte* **DISMISSES without leave to amend** Plaintiff's FAC as to WF Company. *See, e.g., Bonny v. Society of Lloyd's* , 3 F.3d 156, 161 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related"). This action is **DISMISSED with prejudice**. Plaintiff's Motion for Reasonable Accommodations (Docket No. 31) and Application for Reasonable Accommodations (Docket No. 55) are **DENIED as moot**.

IT IS SO ORDERED.



Initials of Deputy Clerk sr